Appellant Tamara Storrie, nka Tamara Eckert, is appealing the decision of the Tuscarawas County Court of Common Pleas concerning the division of marital property and debts. Appellee filed a cross-appeal. The following facts give rise to this appeal.
The parties married on July 10, 1982, and two children were born as issue of the marriage: Meredith Storrie, born August 29, 1994, and John Storrie, III, born June 16, 1987. The parties separated in July 1995, as a result of financial problems with appellee's business, Storrie Homes, Inc. Appellant filed a complaint for divorce on June 14, 1996. Appellee filed an answer and cross-complaint on July 10, 1996.
At the time of trial, appellant was employed as a registered nurse at the Tuscarawas County Health Department. Appellee's business, Storrie Homes, Inc., became insolvent in 1993. Appellee was employed at Wayne Homes, Inc. The trial court granted the parties a divorce, pursuant to an agreed judgment entry, filed June 10, 1997. However, several issues remained for trial.
The magistrate conducted a hearing on the merits on May 30, 1997, and June 3, 1997. The major issue to be decided concerned Storrie Home, Inc.'s corporate debts. Following the two days of hearings, the magistrate issued his decision on September 25, 1997. The magistrate recommended that appellant pay one-half the corporate debts, which totaled $25,550, by paying $200 per month, to appellee, for a period of ten years. Both parties filed objections on October 8, 1997. On March 18, 1998, the trial court approved the decision of the magistrate with only two modifications concerning Dr. Coblentz's counseling bill and the parties' pledge to St. Joseph's School.
Appellant timely filed a notice of appeal and appellee cross-appealed. The set forth the following assignments of error for our consideration:
 I. IT WAS ABUSE OF DISCRETION FOR THE TRIAL COURT TO DETERMINE THAT CORPORATE DEBTS, $25,550.00, WERE MARITAL DEBTS WHEN THE HUSBAND OWNED 51% OF THE CORPORATION PRIOR TO THE MARRIAGE AND THERE IS NO TRANSMUTATION.
 II. IT WAS ABUSE OF DISCRETION FOR THE TRIAL COURT TO DECIDE THAT THE PURCHASE PRICE OF A LOT WAS A MARTIAL (SIC) DEBT CREATED MORE THAN TEN (10) YEARS PRIOR TO THE DIVORCE.
 III. THE TRIAL COURT COMMITTED ERROR IN ORDERING THE APPELLANT TO PAY $200.00 PER MONTH TO THE APPELLEE AND CHARACTERIZING IT AS A PROPERTY DIVISION.
 Cross-Appeal
 I. THE TRIAL COURT FAILED TO USE, OR REMAND FOR CONSIDERATION, THE INHERITANCE TO BE RECEIVED BY PLAINTIFF-APPELLANT TAMARA ECKERT TO HELP PAY MARITAL DEBTS.
 II. THE TRIAL COURT FAILED TO EQUITABLY DIVIDE WHAT LITTLE MARITAL ASSETS EXISTED, THE RETIREMENT FUNDS OF THE PARTIES, AND FAILED TO MAKE ANY FINDING OF FACT THAT SUPPORTED THE PLAINTIFF GETTING AT LEAST TEN TIMES THE VALUE GIVEN TO THE DEFENDANT, AS REQUIRED BY R.C. SEC. 3105.171(G).
 III. THE TRIAL COURT FAILED TO ALLOW ANY RELIEF FOR DEFENDANT-CROSS-APPELLANT FOR THE MEDICAL EXPENSES WHICH THE PLAINTIFF UNNECESSARILY CREATED FOR HIM WHEN SHE TERMINATED HIS INSURANCE COVERAGE COMMENSURATE WITH THE INITIATION OF HER DIVORCE PROCEEDINGS.
 IV. THE TRIAL COURT ABUSED ITS DISCRETION IN NOT REQUIRING PLAINTIFF TO REIMBURSE DEFENDANT FOR HALF OF THE CHILDREN'S MEDICAL EXPENSES BORNE BY DEFENDANT WHEN THE CHILDREN WERE RESIDING EXCLUSIVELY WITH HIM AND BEFORE THE PLAINTIFF'S CHILD SUPPORT OBLIGATION COMMENCED.
 V. THE TRIAL COURT ERRED IN ADOPTING THE. MAGISTRATE'S DECISION AND IN FAILING TO CONSIDER WHETHER THERE SHOULD BE A DEVIATION IN THE PLAINTIFF'S CHILD SUPPORT OBLIGATION FOR THE PAROCHIAL SCHOOL EXPENSES OF THE CHILDREN.
 VI. THE TRIAL COURT ERRED IN DETERMINING AFTER OBJECTIONS WERE FILED THAT $428.02 OF THE TOTAL DEBT OF $1,673.82 TO DR. COBLENTZ WAS THE DEFENDANT'S POST-SEPARATION EXPENSE.
 I, II, III
We will address appellant's three assignments of error simultaneously as each assignment of error is overruled on the same ground.
A review of the record indicates appellant failed, in the trial court, to accompany her objections to the magistrate's decision with a transcript or an affidavit of all of the evidence that had been before the magistrate as required by Civ.R. 53(E)(3)(b). This rule provides: * * * Any objection to a finding of fact shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that fact or an affidavit of that evidence if a transcript is not available. A party shall not assign as error on appeal the court's adoption of any finding of fact or conclusion of law unless the party has objected to that finding or conclusion under this rule.
Because appellant failed to provide a transcript or affidavit of the evidence as required by Civ.R. 53(E)(3)(b), she cannot now challenge the trial court's adoption of any of the magistrate's findings of fact. See Bamhart v. Bamhart (Dec. 9, 1998), Summit App. No. 18868, unreported; Csongei v. Csongei
(July 30, 1997), Summit App. No. 18143, unreported.
In addition, App. R. 9(B) states:
 * * * If the appellant intends to urge on appeal that a finding or conclusion is unsupported by the evidence or is contrary to the weight of the evidence, the appellant shall include in the record a transcript of all evidence relevant to the findings or conclusion. * * *
Without a transcript of the testimony presented to the magistrate, we are unable to determine whether the trial court committed any error that would require reversal. When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm. Knapp v. Edwards Laboratories (1980),61 Ohio St.2d 197. Because appellant has failed to provide this Court with those portions of the transcript necessary for resolution of her three assignments of error, we must presume the regularity of the proceedings below and affirm.
Appellant's first, second and third assignments of error are overruled.
 Cross-Appeal I
Appellee's first assignment of error, on cross-appeal, contends the trial court should have considered appellant's inheritance, from her father, to pay marital debts. We disagree.
A review of a trial court's division of marital property is governed by an abuse of discretion standard. Martin v. Martin
(1985), 18 Ohio St.3d 292, 294-295. We cannot substitute our judgment for that of the trial court unless, when considering the totality of the circumstances, the trial court abused its discretion. Holcomb v. Holcomb (1989), 44 Ohio St.3d 128, 131. In order to find an abuse of discretion, we must determine that the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
We find the trial court did not abuse its discretion when it refused to consider appellant's inheritance in paying the parties' marital debt. R.C. 3105.171(A)(6)(a)(i) defines "separate property" to include an inheritance by one spouse. Further, in making a division of marital property, an inheritance is not a factor a trial court is to consider under R.C. 3105.171(F)(1) through (9). Appellee cites to the case ofMetzcar v. Metzcar (Nov. 1, 1993), Warren App. No. CA93-01-002, unreported, in support of this assignment of error. The Metzcar
court determined that a trial court could consider an inheritance because a trial court retains discretion, under R.C. 3105.171(F), to consider any other factor the trial court expressly finds to be relevant and equitable under R.C.3105.171(F)(9).
In the case sub judice, since the trial court ordered a payment plan for appellant, which specifically addresses the issue of the parties' substantial marital debt, we find the trial court did not abuse its discretion in failing to address the issue of appellant's inheritance.
Appellee's first assignment of error, on cross-appeal, is overruled.
 II, III, IV, V
We will address appellee's second, third, fourth and fifth assignments of error simultaneously. Appellee's second assignment of error concerns the division of retirement benefits. The third assignment of error addresses the medical expenses appellee incurred as a result of appellant canceling his medical insurance. The fourth assignment of error concerns payment of the children's medical expenses. In his fifth assignment of error, appellee addresses the issue of private schooling for the children and the expenses associated with it.
Our review of the record indicates appellee raised these issues in his objections to the magistrate's decision. However, the trial court did not address these objections. Civ.R. 53(E)(4)(b) addresses the disposition of objections. This rule provides, in pertinent part:
 The court shall rule on any objections. The court may adopt, reject, or modify the magistrate's decision, hear additional evidence, recommit the matter to the magistrate with instructions, or hear the matter. * * *.
Pursuant to the above rule, the trial court is required to rule on any objection. We therefore remand appellee's assignments of error two, three, four and five, to the trial court, for the trial court to address the objections related to these assignments of error.
Appellee's second, third, fourth and fifth assignments of error, on cross-appeal, are remanded.
 VI
In his sixth assignment of error, appellee maintains the trial court erred in determining that $428.02 of the total debt owed to Dr. Coblentz was appellee's own post-separation expense. We disagree.
The record indicates appellee incurred these expenses following his separation from appellant. Therefore, the trial court did not abuse its discretion by ordering appellee to pay for expenses he incurred, for himself, following his separation from appellant.
Appellant's sixth assignment of error, on cross-appeal, is overruled.
For the foregoing reasons, the judgment of the Court of Common Pleas, Tuscarawas County, Ohio, is hereby affirmed in part, reversed in part and remanded for proceedings consistent with this opinion.
By: Wise, P. J., Hoffman, J., and Farmer, J., concur
----------------------
----------------------
 ---------------------- JUDGES
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Tuscarawas County, Ohio, is affirmed in part, reversed in part, and remanded.
------------------------
------------------------
 ------------------------ JUDGES